Dibora L. Berhanu, Esq.
Nevada Bar No. 16046
Dibora.Berhanu@wbd-us.com
**WOMBLE BOND DICKINSON (US) LLP**
**8488 ROZITA LEE AVENUE, SUITE 400**
Las Vegas, NV 89113
Tel: (702) 949-8200
Fax: (702) 949-8398

*Attorneys for Defendant Broan-NuTone, LLC*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| AMGUARD INSURANCE COMPANY, Plaintiff,<br><br>vs.<br><br>BROAN-NUTONE, LLC, Defendant. | Case No.: 2:26-cv-02091-GMN-NJK<br><br>**STIPULATION AND ~~[PROPOSED]~~ ORDER TO EXTEND DISCOVERY DEADLINES (FIRST REQUEST)** |

Pursuant to Federal Rules of Civil Procedure 6(b) and 16(b)(4), and Local Rules IA 6-1 and 26-3, Plaintiff AmGuard Insurance Company ("Plaintiff" or "AmGuard") and Defendant Broan-NuTone, LLC ("Defendant" or "Broan-NuTone") (collectively, the "Parties"), by and through their undersigned counsel, hereby stipulate and agree to extend the discovery cutoff by sixty (60) days, and to extend all remaining case management deadlines set forth in the Court's Scheduling Order (ECF No. 18) accordingly. This is the Parties' first request to extend the deadlines in the Scheduling Order. This request is made in good faith and not for the purpose of delay.

## I. DISCOVERY COMPLETED TO DATE

The Parties have completed the following discovery:

1. The Parties have exchanged initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1).
   a. Plaintiff served its initial disclosures on August 27, 2026; and
   b. Defendant served its initial disclosures on September 30, 2026.

8488 Rozita Lee Ave., Suite 400
Las Vegas, NV 89113
WOMBLE BOND DICKINSON

2. On August 27, 2026, Plaintiff served its First Set of Interrogatories and First Request for Production of Documents on Broan-NuTone. Broan-NuTone served its responses and objections on November 2, 2026, and has stated that it will supplement its responses following the laboratory examination of the subject fan.

4. On October 2, 2026, Plaintiff served a Notice of Deposition of Broan-NuTone's corporate designee pursuant to Fed. R. Civ. P. 30(b)(6).

5. The Parties have scheduled a laboratory examination of the subject fan for December 2–3, 2026.

## II. DISCOVERY THAT REMAINS TO BE COMPLETED

The following discovery remains to be completed:

1. Completion of the laboratory examination of the subject fan on December 2–3, 2026;

2. Service of, and responses to, additional written discovery, including supplemental responses to the written discovery already served;

3. The Rule 30(b)(6) deposition of Broan-NuTone's corporate designee;

4. The Rule 30(b)(6) deposition of the corporate designee of Plaintiff's insured, The Irving and Marily Ozawa Revocable Trust c/o Sun Property Management;

5. Depositions of fact witnesses;

6. The exchange of initial and rebuttal expert disclosures; and

7. Depositions of expert witnesses.

## III. REASONS WHY THE REMAINING DISCOVERY WAS NOT COMPLETED AND GOOD CAUSE FOR THE EXTENSION

A stipulation to extend a deadline set forth in a discovery plan must be received by the Court no later than 21 days before the expiration of the subject deadline, and a request made within 21 days of the subject deadline must be supported by a showing of good cause. LR 26-3. This stipulation is submitted more than 21 days before the current discovery cutoff of February 8, 2027, and the current expert disclosure deadlines. ECF No. 18.



WOMBLE BOND DICKINSON
8488 Rozita Lee Ave., Suite 400
Las Vegas, NV 89113

WOMBLE BOND DICKINSON
8488 Rozita Lee Ave., Suite 400
Las Vegas, NV 89113

This action arises from a fire that allegedly occurred on or about July 12, 2023, at 4420 Arville Street, Las Vegas, Nevada, which Plaintiff alleges originated at a ventilation fan (the "subject fan"). ECF No. 1 ¶¶ 9, 13. The Defendant has not confirmed the make, model, and serial number of the subject fan. The Parties have therefore scheduled a laboratory examination of the subject fan for December 2–3, 2026, as those are the only dates available for the laboratory examination between now and the current deadlines. The examination will allow the Parties to determine the identity of the subject fan, including whether it was manufactured by Broan-NuTone, and to evaluate its condition and components.

The Parties will be in a better position to respond to written discovery and to take the Rule 30(b)(6) deposition once the laboratory examination is complete. The results of the examination bear directly on the substance of the written discovery served by both Parties, the topics noticed for the Rule 30(b)(6) deposition, and the opinions of the Parties' retained experts. Under the current schedule, initial expert disclosures are due on December 23, 2026, only three weeks after the examination, which does not provide the Parties' experts sufficient time to analyze the examination results and prepare their reports.

As it currently stands, Plaintiff's written discovery to Broan-NuTone was due on November 2, 2026, and Plaintiff has noticed the Rule 30(b)(6) deposition of Broan-NuTone's corporate designee for November 11, 2026, both before the December 2–3, 2026 laboratory examination. Broan-NuTone cannot substantively respond to the written discovery or produce a corporate designee to testify on the noticed topics before confirming who manufactured the subject fan. The requested extension will give the Parties sufficient time to properly respond to written discovery and to take depositions after the laboratory examination is complete, rather than proceeding on an incomplete record that would likely require supplemental responses and repeat depositions.

The Parties have been diligent in pursuing discovery, and the requested extension is necessitated by the availability of the laboratory rather than any lack of diligence. No party will be prejudiced by the extension, which is requested jointly, and no trial date has been set.

## IV. PROPOSED SCHEDULE FOR COMPLETING ALL REMAINING DISCOVERY

The Parties stipulate to and propose the following amended deadlines:

| **Deadline** | **Current Deadline** | **Proposed New Deadline** |
|---|---|---|
| Amend pleadings / add parties | November 10, 2026 | January 11, 2027 |
| Initial expert disclosures | December 23, 2026 | February 23, 2027 |
| Rebuttal expert disclosures | January 18, 2027 | March 18, 2027 |
| Discovery cutoff | February 8, 2027 | April 8, 2027 |
| Dispositive motions | March 10, 2027 | May 10, 2027 |
| Joint proposed pretrial order | April 9, 2027, or 30 days after resolution of dispositive motions | June 9, 2027, or 30 days after resolution of dispositive motions |

**IT IS SO STIPULATED.**

DATED this 2nd day of November, 2026.

**WOMBLE BOND DICKINSON (US) LLP**

*/s/ Dibora L. Berhanu*
Dibora L. Berhanu, Esq., NV Bar No. 16046
8488 Rozita Lee Avenue, Suite 400
Las Vegas, NV 89113

*Attorneys for Defendant Broan-NuTone, LLC*

**DE LUCA LEVINE LLC**

*/s/ Joseph L. McGlynn*
Joseph L. McGlynn, Esq.
(admitted pro hac vice)
301 E. Germantown Pike, 3rd Floor
East Norriton, Pennsylvania 19401

*Attorneys for Plaintiff AmGuard Insurance Company*

IT IS SO ORDERED.
Dated: November 3, 2026

Nancy J. Koppe
United States Magistrate Judge



WOMBLE BOND DICKINSON
8488 Rozita Lee Ave., Suite 400
Las Vegas, NV 89113